IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN STEPHENS-BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-02732-M |
| | § | |
| SAM'S EAST, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**AMENDED MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment. (ECF No. 12). For the reasons set forth below, the Motion is **GRANTED**.

**I.    Factual and Procedural Background**

This case concerns an alleged slip and fall by Plaintiff, Karen Stephens-Butler, at a Sam's Club owned by Defendant, Sam's East, Inc. Plaintiff alleges that on or about October 12, 2017, she was walking near the front entrance of a Sam's Club when she slipped and fell on a clear liquid on the floor. Plaintiff offers Defendant's surveillance video of the incident as evidence. The video depicts carts lined up near the front of the store facing the store's exit. Customers in the line appear to be waiting for an employee at the front of the line to check their receipts so they can exit, but the front of the line is not visible. The video shows a customer's mug briefly tip over in her cart as she waits in this line. Fifty-eight seconds later, as she entered the store, Plaintiff slipped in the same area where the mug had tipped over. (ECF No. 13 at 7–8, 11:34:38–35:36). Any spill on the floor was out of view of the surveillance video. The video shows two employees at what appears to be a customer service counter at least the distance of a few carts

from the spill.  A third employee becomes visible six seconds after Plaintiff slipped, as that employee approaches Plaintiff.

Plaintiff sued Defendant in Dallas County District Court.  Defendant removed the case to this Court and its Motion for Summary Judgment is before this Court for disposition.

## II.     Legal Standards

### A.     Summary Judgment Standard

Summary judgment is warranted when the facts as shown in the pleadings, affidavits, and other summary judgment evidence show that a reasonable trier of fact could not find for the nonmoving party as to any material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."  *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).  Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.  *Fields v. City of S. Houston,* 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.  Fed. R. Civ. P. 56(e).  The Court must review all evidence in the record, giving credence to evidence favoring the nonmovant, as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding the evidence

favorable to the movant that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 338 (5th Cir. 2005).

B. **Texas Premises Liability Law**

Under Texas law, a property owner owes a person invited onto the owner's property a duty to protect her from dangerous conditions that are known or reasonably discoverable. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000*)*. A plaintiff asserting a claim for premises liability must prove:

(1) Actual or constructive knowledge by the owner of a condition on the premises;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner's failure to use such care proximately caused the plaintiff's injury.

*Id.* at 99. Defendant asserts that Plaintiff cannot prove the first element—that Defendant had actual or constructive knowledge of the liquid that caused her to slip and fall—and that Defendant is therefore entitled to summary judgment.

To show that Defendant had actual or constructive knowledge of the liquid on the floor, Plaintiff would have to show that Defendant placed the liquid on the floor, that Defendant actually knew that the liquid was on the floor, or that the liquid was on the floor long enough to give Defendant a reasonable opportunity to discover and remove it. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992). There is no evidence of the first two theories, so the Court will analyze where there is sufficient evidence to support a finding that Defendant had constructive knowledge of the liquid's presence under the third theory.

For a plaintiff to succeed in establishing the property owner's constructive knowledge of a hazardous condition, the plaintiff must show that the hazardous condition existed for a length of time. *Wal–Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 815 (2002). Texas adopted this "time-notice" rule because "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816.

Proximity evidence is relevant to the analysis. *Id.* If the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. *Id.* Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect a jury's consideration of whether the premises owner should have become aware of the dangerous condition. *Id.* Temporal evidence is the best indicator of whether the premises owner had constructive knowledge of a dangerous condition. *Brookshire Bros. v. Aldridge*, 438 S.W.3d 9, 30 (Tex. 2014). Accordingly, evidence of proximity combined with longevity, or longevity combined with conspicuity, could be sufficient to support a claim of constructive knowledge. *Reece*, 81 S.W.3d at 816.

### III.     Analysis

Defendant cites numerous cases for its assertion that a condition existing for five minutes is insufficient to establish constructive knowledge of a dangerous condition. *See, e.g.*, *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 602–03 (N.D. Tex. 2006) (Lynn, J., presiding) (granting summary judgment, because "Given the low visibility of the water and the evidence that the water was on the floor for five minutes . . . [Defendant] did not have a reasonable opportunity to discover the water"); *Taylor v. Good Shepherd Hosp., Inc.*, No. 12–04–00159–CV, 2005 WL

2035836 at *3 (Tex. App.—Tyler Aug. 24, 2005, no pet.); *Wal-Mart Stores, Inc. v. McGrough*, No. 14-00-00199-CV, 2001 WL 1340364, at *2 (Tex. App.—Houston [14th Dist.] Nov. 1, 2001, no pet.); *Granados v. Wal-Mart Stores, Inc.*, No. 3:14-CV-3860-G, 2015 WL 4588158 at *3-4 (N.D. Tex. July 30, 2015) (granting summary judgment due to insufficient evidence that five minutes was a reasonable amount of time to discover the spill); *Estrada v. Kroger Texas, LP*, No. 4:11-CV-1200, 2012 WL 4017994 at *3-4 (S.D. Tex. Sept. 12, 2012); *Clark v. Costco Wholesale Corp.*, No. SA 09-CA-180-OG, 2010 WL 11506559 at *2-4 (W.D. Tex. April 28, 2010). In each of these cases, there was no evidence of proximity of defendant's employees to the dangerous condition.

Here, three employees appear on the owner's surveillance video at different times between the spill and Plaintiff's fall. For the entire period between the spill and Plaintiff's fall, two employees are visible at an apparent customer service counter at least the distance of a few carts from the spill. One employee is behind the counter and is facing a customer, with her side turned toward the front of the store, and another employee is standing on the opposite side of the counter, with her back to the front of the store. Neither turned toward the spill for the fifty-eight seconds it was on the floor before Plaintiff slipped, and the spill was on the other side of a line of carts in front of them. Plaintiff asserts that these employees were monitoring the front of the store, but offers no evidence to support that assertion. A third employee, seemingly checking receipts of customers exiting the store with shopping carts, does not appear on the video until six seconds after Plaintiff fell. There is no evidence of where the third employee was for the fifty-eight seconds the liquid was on the floor before Plaintiff fell, nor whether that employee or any other was positioned so she could reasonably be expected to see the spill. Plaintiff has not

5

offered sufficient evidence to demonstrate that an employee of Defendant should have reasonably seen the liquid in the fifty-eight seconds it was on the floor before the Plaintiff fell.

A spill that is not large and which consists of clear liquid is not conspicuous. *Reece*, 81 S.W.3d at 813, 816 (determining that a spill "about the size of a small- or medium-sized pizza" was not conspicuous, because "it was not large and consisted of a clear liquid . . . ."); *see also Pena v. Home Depot U.S.A., Inc.*, 32 F. Supp. 3d 792, 803 (S.D. Tex. 2013) (granting summary judgment where the liquid was the same shade of gray as the floor, and where it encompassed about nine inches, with drops trailing off for up to eight feet). Here, the mug tipped over very briefly and there is no basis to infer that the spill was large. (ECF No. 13 at 7–8, 11:34:38–:39). The spill is not even visible on the surveillance video. Plaintiff acknowledged that the spill was a clear liquid. A reasonable trier of fact could not find that the spill was conspicuous.

Additionally, fifty-eight seconds is not a sufficient period of time to support a finding that Defendant should have discovered the spill. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (reinstating the trial court's grant of summary judgment for the defendant, where a customer slipped on a plastic six-pack ring that was three to five feet behind defendant's employee for up to forty-five seconds).

Evidence of proximity combined with longevity, or longevity combined with conspicuity, could be sufficient to support a claim of constructive knowledge. *Reece*, 81 S.W.3d at 816. Neither type of evidence is present here. A reasonable trier of fact could not find that the spill was conspicuous, that an employee was in sufficient proximity to the spill, nor that the spill remained on the floor long enough for Defendant to have constructive knowledge of it. Accordingly, a reasonable trier of fact could not find that Defendant had constructive knowledge

of a dangerous condition that injured the Plaintiff. Thus, Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**.

August 31, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE